IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALYXANDRIA JOHNSON,

    Plaintiff,

vs.

PROGRESSIVE COUNTY MUTUAL
INSURANCE CO.,

    Defendant.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441(A) and 1446, Defendant, Progressive County Mutual Insurance Company, gives notice of removal of the above-captioned matter from the Fifth Judicial District Court, County of Eddy, State of New Mexico. In support of this Notice Defendant states as follows:

1. On November 20, 2020, Plaintiff filed her "Original Complaint for Money Damages" against Progressive County Mutual Insurance Company (Progressive) in the Fifth Judicial District Court, Eddy County, in a matter styled *Alyxandria Johnson, Plaintiff v. Progressive County Mutual insurance Company, Defendant*, Cause No. D-503-CV-2020-00810. Plaintiff's Complaint alleges breach of contract and unfair claims practices under NMSA 1978, § 59A-16-20 (Exhibit "A"). The District Courts of the United States have original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because it is a civil action between citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. This Notice of Removal is timely. Defendant, Progressive acknowledges service of process of the Complaint as of December 10, 2020. 28 U.S.C. § 1446.

3. As the incident set forth in the State action occurred in the County of Eddy, State of New Mexico, venue in this Court is proper.

4. At all relevant times, Plaintiff was a resident of the County of Eddy, State of New Mexico (Complaint, ¶ 1).

5. At all relevant times, Defendant Progressive is and was a corporation duly organized under the laws of the State of Texas, having its principal place of business in Texas.

6. Progressive is a citizen of Texas.

7. Complete diversity exists between Plaintiff and Defendant.

8. Per Plaintiff's Complaint allegations, causes of action, and damages sought, Plaintiff is seeking in excess of $75,000.00 in damages. New Mexico state court practice does not allow a demand with a specific sum in the ad damnum clause of a complaint, so this cannot form a basis for a determination of amount in controversy. *See* 28 U.S.C. § 1446(C)(2).

9. This cause of action arises out of a motor vehicle accident in which Plaintiff claims bodily injury in addition to punitive damages. Paragraph 7 of the Complaint states that as a result of the actions of the tortfeasor, Christopher Lueras, Plaintiff sustained "personal injuries, causing her pain and suffering, and damages in the form of medical and related bills. Upon information and belief, some or all of the injuries are permanent and Plaintiff will incur future medical expenses related to treatment for her injuries and will experience future pain suffering." According to Defendant's review of medical documentation and billing, for the injuries sustained, which include neck and back injuries, as well as traumatically induced concussion, Plaintiff has incurred $41,871.37 in medical treatment for her loss. As indicated in the Complaint, her medical treatment and billing is ongoing and she has sustained permanent injuries.

10. Progressive understands, upon belief, that Plaintiff previously settled her claims against the tortfeasor, Mr. Lueras and his liability carrier, Sentry Insurance, for the policy limits of $25,000.00. Plaintiff pursues the present action against Progressive through her underinsured motorist coverage with this Defendant.

11. The Complaint further makes allegations that Defendant's alleged breach of contract "by denying coverage or failing to provide coverage for Plaintiff's claims," (Paragraph 13, Complaint), "constitutes bad faith and warrants the imposition of punitive damages." Additionally, Count II of the Complaint alleges statutory unfair claims practices pursuant to NMSA 1978, § 59A-16-20. Plaintiff demands, in addition to compensatory damages under the status, attorneys' fees pursuant to NMSA 1978, § 59A-16-30.

12. UJI 13-1718 NMRA provides for punitive damages if an insurer is found to have acted in bad faith, willfully or with recklessness, as Plaintiff alleges and UJI 13-1827 NMRA allows for punitive damages when a party's conduct was malicious, willful, reckless, wanton, fraudulent or in bad faith as Plaintiff alleges. Accordingly, a reasonable estimate of the amount in controversy exceeds $75,000.00.

13. Because Progressive is the sole Defendant in this case, there is no need to obtain consent to this removal from other Defendants.

14. Pursuant to 28 U.S.C. § 1446(D), Progressive is filing this Notice of Removal with the Clerk for the State Court in which the State court action was originally filed. Copies of the Notice to the Fifth Judicial District Court, County of Eddy, State of New Mexico of this removal to Federal Court, together with this Notice of Removal with exhibits, are being served upon opposing counsel pursuant to 28 U.S.C. § 1446(D).

15. Copies of all pleadings, process and orders in the state court lawsuit are attached hereto.

WHEREFORE, Defendant, Progressive removes the above-titled action now pending in the Fifth Judicial District Court of the State of New Mexico to this Court such that this Court assumes full jurisdiction over this action as provided by law.

Respectfully submitted

HATCHER LAW GROUP, P.A.

BY: */s/ Scott P. Hatcher*
Scott P. Hatcher, Esq.
150 Washington Avenue, Suite 204
Santa Fe, NM  87501
(505) 983-6525
*Attorneys for Defendant*

CERTIFICATE OF SERVICE

The undersigned hereby certifies he transmitted a true and accurate copy of the foregoing to:

E. Ryne Hutcheson, Esq.
Davis W. Smith P.C.
1220 Avenue K
Lubbock, TX  79401

On this 8th day of January, 2021.

*/s/ Scott P. Hatcher*
Scott P. Hatcher, Esq.